COGAN, District Judge,
concurring.
In light of Judge Christen’s dissent, I write briefly to further explain my concurrence in the majority decision.
Although I believe that the case is close, the Supreme Court made it clear in Fry v. Pliler, 551 U.S. 112, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007), that the “substantial and injurious effect or influence” test for harmless error in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), subsumes the standard under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), 28 U.S.C. § 2254(d). Because Fry held that Brecht is more deferential to state court decisions than AEDPA, it follows that if a state court’s decision would be upheld under AEDPA, then it must be upheld under Brecht.
From that perspective, the resolution of close cases like this becomes more apparent. The Supreme Court has clarified that the AEDPA standard of review is extremely narrow, and is intended only as “a ‘guard against extreme malfunctions in the *619 state criminal justice systems,’ not a substitute for ordinary error correction through appeal[.]” Ryan v. Gonzales, — U.S.-, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013) (quoting Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)). “[E]ven a strong case for relief does not mean that the state court’s contrary conclusion was unreasonable.” Harrington, 131 S.Ct. at 786. Indeed, in Harrington, the Supreme Court went so far as to hold that a habeas court may only “issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the Supreme Court’s] precedents.” Id. This standard of “no possibility” of disagreement among “fairmind-ed jurists” as to the existence of legal error is arguably the narrowest standard of judicial review in the law.
For the reasons stated in the majority opinion, the state court’s conclusion that the improper admission of this evidence was harmless beyond a reasonable doubt does not warrant relief under the Fry/ Brecht /AEDPA standard. Fairminded jurists could readily disagree as to the state court’s conclusion, which precludes relief. Indeed, but for the dissent, all six state and federal judges who have considered the issue have expressed the view that relief is not warranted. Moreover, the state court issued a lengthy, reasoned decision, in which it set aside two of the counts of conviction based on the error that we are considering, but determined to uphold the other counts that remain before us.
This is not a case where there was an absence of evidence to support the conviction. The properly-admitted evidence had vulnerabilities, but they were vulnerabilities that could be placed before a jury, and which the state court considered in determining that the error was harmless. I believe that the standard of review adopted by the dissent is effectively one of ordinary error, not for the kind of “grievous[ ] wrong”, Brecht, 507 U.S. at 637, 113 S.Ct. 1710, that habeas corpus exists to prevent, and therefore join the majority opinion.